IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLLIE MACK, III,

      Plaintiff,　　　　　　　　No. CIV S-07-1328 GEB KJM PS

  vs.

FEDERAL BUREAU OF INVESTIGATIONS, et al.,

      Defendant.　　　　　　　　ORDER

      Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint once again, plaintiff is reminded that the amended complaint must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).   Plaintiff must also demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

1  amended complaint be complete in itself without reference to any prior pleading.  This is
2  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
3  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
5  original complaint, each claim and the involvement of each defendant must be sufficiently
6  alleged.

7  On August 27, 2007, plaintiff filed a proposed order wherein plaintiff requests
8  this litigation be given precedence on the court's trial calendar or an immediate settlement
9  conference.  In light of the court's determination that the amended complaint must be dismissed,
10 no scheduling conference will be scheduled at this time.

11 In accordance with the above, IT IS HEREBY ORDERED that:

12 1. Plaintiff's amended complaint is dismissed; and

13 2. Plaintiff is granted thirty days from the date of service of this order to file a
14 second amended complaint that complies with the requirements of the Federal Rules of Civil
15 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
16 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
17 an original and two copies of the second amended complaint; failure to file a second amended
18 complaint in accordance with this order will result in a recommendation that this action be
19 dismissed.

20 DATED: August 30, 2007.

_____
U.S. MAGISTRATE JUDGE

006
mack2.lta

3