IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLLIE MACK, III,

      Plaintiff,                         No. CIV S-07-1328 GEB KJM PS

      vs.

FEDERAL BUREAU OF
INVESTIGATIONS, et al.,

      Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a second amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1    A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>
4 <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>
5 <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

10   Plaintiff's second amended complaint suffers from the same deficiencies as the
11 prior complaints.  There is no proper basis of subject matter jurisdiction pled in the complaint.
12 Since plaintiff is asserting a claim of unconstitutionality, it may be that plaintiff is trying to
13 proceed under 42 U.S.C. § 1983.  However, the court cannot discern what, if any, constitutional
14 rights plaintiff is claiming have been infringed.

15   At best, plaintiff's pleadings demonstrate plaintiff's belief that the government
16 has committed an injustice but are woefully insufficient to state a claim pursuant to section 1983.
17 Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has failed to do
18 so.  Moreover, it appears that further amendment would be futile.

19   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).
8  DATED:  October 9, 2007.

_____
U.S. MAGISTRATE JUDGE

006
mack.57